# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 KEITH D. THOMAS**
**United States Army, Appellant**

ARMY 20180096

Headquarters, Fort Carson
Tiernan P. Dolan, Military Judge
Colonel Robert A. Borcherding, Staff Judge Advocate

For Appellant: Major Jack D. Einhorn, JA; Captain Patrick G. Hoffman, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.4, no response filed.

30 November 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

In January of 2008, Private Keith D. Thomas reported to Fort Hood, Texas where he received an initial counseling from his platoon sergeant. His platoon sergeant assigned him a buddy, in-briefed him for two hours, and told appellant about the company's upcoming deployment to Iraq. As the unit had a four-day weekend approaching, his platoon sergeant asked appellant if he had any plans. Appellant told his platoon sergeant that he had no plans to leave the local area.

That weekend, on 24 January 2008, appellant left his unit at Fort Hood Texas, bought a one-way plane ticket, and flew home to West Virginia. That same weekend, appellant suffered a self-inflicted gunshot wound to his foot. Members of the unit attempted to contact appellant. Appellant initially answered the calls, but then stopped.

While appellant remained away, appellant's company deployed to a remote combat outpost in Iraq for twelve months in support of Operation Iraqi Freedom. The platoon deployed at well less than full strength. Appellant's company commander testified that soldiers who were ill were still required to perform duties because of shortages in junior enlisted personnel.

For his almost ten-year absence, appellant was charged with desertion with the intent to avoid hazardous duty in violation of Article 85 of the Uniform Code of Military Justice, 10 U.S.C. § 885 [UCMJ]. Appellant and the convening authority entered into an agreement where appellant agreed to plead guilty to the lesser offense of being away from his unit for more than thirty days in violation of Article 86, UCMJ, 10 U.S.C. § 886. The convening authority referred the case to a special court-martial.

At sentencing, the government requested a sentence of six months confinement. The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, forfeiture of $1,000 pay per month for five months, and reduction to the grade of E-1.[*] The pretrial agreement limited the confinement that could be imposed to three months.

## CONCLUSION

Appellant submitted this case to this Court on its merits. Having completed our review under Article 66(c), the findings and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] In an act of clemency, the convening authority reduced the period of the forfeitures from five months to three. The remainder of the sentence was approved as adjudged.